### In re HOLLIS & COMPANY.

**Charles Darwin DAVIDSON, Trustee, Plaintiff,**

v.

**FOSTER MANUFACTURING CO., INC., Defendant.**

**Bankruptcy No. LR 85–1100 S. Adv. No. 87–469.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

Feb. 5, 1988.

---

Charles Davidson, Little Rock, Ark., trustee.

Tom McLain, Little Rock, Ark., for trustee.

John Jacobs, Local Counsel, Little Rock, Ark., P. Glen Smith, Springfield, Mo., for Foster Mfg. Co.

## ORDER DENYING MOTION TO DISMISS AND DIRECTING DEFENDANT TO ANSWER

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court for review are the pleadings filed in Adversary Proceeding No. 87–469 filed in bankruptcy case no. LR 85–1100. The Plaintiff, Trustee in these proceedings, filed a Complaint to avoid a preferential transfer pursuant to 11 U.S.C. § 547. Defendant, Foster Manufacturing Co., Inc., has filed a Motion to Dismiss on the grounds that the Complaint only names the Defendant in the caption of the pleading and, thereafter, refers only to "Defendant," without specifically naming Foster Manufacturing Co., Inc. in the body of the Complaint. The Defendant cites as authority for dismissal *Nicol v. Baird*, 234 F.2d 691 (D.C.Ct. of Appeals 1956).

The Court has reviewed the file and pleadings as well as the authority cited by the Defendant and finds that the Motion to Dismiss should be denied.

The Court does not believe the *Nicol* case cited by Defendant supports a finding that a case in its entirety should be dismissed because the actual name of the lone Defendant appears only in the caption. The Court's reading of the findings in same case was more restricted. In that case the moving party in the Motion to Dismiss moved for dismissal of the case on the ground that he was not a proper party. The lower court did dismiss the entire case on that ground, but the U.S. Court of Appeals for the District of Columbia vacated the judgment of the lower court holding and remanded it. The appellate court found that the individual named in the caption, and nowhere else named in the body of the pleadings, could be properly dismissed. The court pointed out that appellants, in fact, did not contest dismissal as to him. The court specifically found that the lower court erred in dismissing the entire action. This Court believes, under the circumstances, that that case is distinguishable and does not support Defendant's contention.

It is well settled that "Notice Pleading" provided for by the Federal Rules requires that complaints be liberally construed. *International Controls Corp. v. Vesco*, 490 F.2d 1334, 1351 (2nd Cir.), cert. denied, 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 236 (1974). Here, there is only one defendant and there can be no doubt as to the party referred to in the Trustee's allegations. See, *Selman v. Harvard Medical School*, 494 F.Supp. 603, 609 (D.C.S.D.N.Y.1980) wherein the court declined to dismiss one of the multiple defendants where the only reference to the movant in the body of the complaint was an allegation that referred to "all defendants."

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the Motion to Dismiss be and hereby is denied. It is further

ORDERED that the Defendant shall answer the Complaint within twenty (20) days of entry of this Order.

IT IS SO ORDERED.